UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH FARYNIARZ,<br><br>        Plaintiff,<br>v.<br><br>JOSE E. RAMIREZ, JR CHEM, LLC, and OBAGI MEDICAL PRODUCTS, INC.<br><br>        Defendants. | 3:13-CV-01064 (CSH) |

## ORDER

For the reasons more fully stated by the Court in its oral ruling from the bench on August 1, 2013, this action will be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Having considered the testimony of the individual Defendant, Jose E. Ramirez, and the subsequent arguments of counsel, the Court concludes that Plaintiff failed to establish with the requisite degree of certitude that complete diversity of citizenship exists between the parties. Plaintiff Joseph Faryniarz is domiciled in Connecticut. Complete diversity of citizenship depended upon Ramirez being a domiciliary and consequently a citizen of Florida. Ramirez owns a home in Connecticut, and maintains an automobile there with Connecticut plates. Ramirez's married son and daughter and his six grandchildren reside in Connecticut; his children and grandchildren make the customary familial demands upon Ramirez's presence and affection, and Ramirez responds with pride and love. All Ramirez's doctors, including a primary care

physician and several specialists, have their practices and hospital affiliations in Connecticut. Ramirez's financial advisors and stockbrokers are with the New Haven, Connecticut office of Merrill Lynch.  His auditor is in Connecticut.  Ramirez's closest religious affiliation is with a parish in Fairfield County.  These varied and continuing ties to Connecticut, some of several decades' duration, bring Ramirez frequently by air from Miami to Bradley Airport near Hartford. It would appear from his testimony that Ramirez spends about half a year's time in Florida and the other half in Connecticut.

Plaintiff Faryniarz can point to a number of factors militating in favor of Florida, instead of Connecticut, as Ramirez's present State of domicile – indeed, Plaintiff's counsel did so with skill.  But I am unable to conclude that the question is free from doubt.  That presence of doubt dictates dismissal of the action, since it is well settled that "[t]he diversity statute must be strictly construed against the intrusion on the right of state courts to decide their own controversies," so that "any doubts are therefore resolved against finding jurisdiction and, when the case has been removed to federal court, in favor of remand to the state court."  15 *Moore's Federal Practice*, § 102.13 (3d ed. 2010).  Those principles resonate in the case at bar, since the underlying action rises out of contracts entered into and substantially performed in Connecticut; the courts of that State have the right and the competence to decide so home-grown a controversy.

The Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Plaintiff's Motions for a Temporary Restraining Order, Preliminary and Permanent Injunction, Prejudgment Remedy and Garnishment, are DENIED, WITHOUT PREJUDICE to

any subsequent application by Plaintiff for comparable relief to a Court of competent jurisdiction.

The Clerk is directed to close the case.

It is SO ORDERED.


Dated: New Haven, Connecticut
   August 1, 2013


                */s/Charles S. Haight, Jr.*
                Charles S. Haight, Jr.
                Senior United States District Judge